Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3265 | **DATE** | 12/04/2001 |
| **CASE TITLE** | Johnson v. Radmacher, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment (doc. #23-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion for Summary Judgment is GRANTED. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 0 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 38 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 0 6 2001

SARAH JOHNSON )
    Plaintiff, )
                                 )
                                 ) CASE NO. 00 C 3265
v. )
                                 ) JUDGE WILLIAM J. HIBBLER
G.A.T.X. LOGISTICS, INC. )
    Defendant. )

## MEMORANDUM AND ORDER

The Court has before it GATX Logistics, Inc.'s ("Defendant") Motion for Summary Judgment. In the motion, Defendant asserts Sarah Johnson's ("Plaintiff") claim for relief from employment discrimination on the basis of race and sex is groundless, and Plaintiff's discharge was appropriate and non-discriminatory because she was fired based on her work performance. Because Plaintiff fails to establish the elements of a prima facie case for employment discrimination, Defendant's Motion is GRANTED.

### Background

Plaintiff's complaint alleges she was fired from her job because of her race (African-American) and sex (female). By Plaintiff's own admission, she was discharged after her third accident driving a forklift during her employment with Defendant. On August 17, 1999, Plaintiff drove her forklift into a doorway, damaging the overhead door, door frame, and concrete wall above the door frame in the amount of $18,620.[1] Prior to this

---

[1] Plaintiff did not admit she drove into the doorway, but claimed she did not know how the concrete wall came to fall upon her head. In her deposition she stated, "as I was going through the door, concrete fell on me, and instructed by supervisors and my union steward, my equipment had to have hit the door for that to happen". (Pl.

1



incident, Plaintiff received written disciplinary notices as a result of her forklift accidents on March 26, 1999 (destruction of $6,000 worth of Defendant's property) and April 26, 1999 (collision with a fellow employee). Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge and alleged she was discharged for discriminatory purposes, and subsequently filed suit with the Court claiming damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a(b). In response, Defendant filed the pending Motion for Summary Judgment.

### Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence that supports his or her complaint. *Id.* Rather, to avert summary judgment, the party opposing the motion must present specific

---

Dep. at 4.)

facts showing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-34 (1986); *see also Anderson v. Operative Plasterers' and Cement Masons' Int'l Assoc. Local No. 12 Pension & Welfare Plans*, 991 F.2d 356 (7th Cir. 1993). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 324. In determining the existence of any genuine issue of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

## Analysis

"To ultimately prevail on a disparate treatment claim under Title VII, the plaintiff must prove that she was a victim of intentional discrimination. The plaintiff can satisfy her burden of proof either through direct proof of discriminatory intent, or through the indirect, burden-shifting method of proof articulated in *McDonnell Douglas Corporation v. Green*." *Hilgenberg v. Sprint Communications Co., LP*, No. 99 C 2837, 2000 WL 1774068, at *3 (N.D.Ill. Dec. 1, 2000)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Foster v. Arthur Andersen*, 168 F.3d 1029, 1035 (7th Cir. 1998); *Payne v. Milwaukee County*, 146 F.3d 430, 434 (7th Cir. 1998). Plaintiff has not attempted to provide direct evidence of racial animus, and so the Court

analyzes Plaintiff's claims using the burden-shifting framework for indirect proof of discrimination.

Plaintiff must prove four elements to establish a prima facie case for employment discrimination under the *McDonnell Douglas* method: "(1) she was within a protected class; (2) her performance met her employer's legitimate expectations; (3) she was terminated; and (4) others not in her protected class received more favorable treatment." *E.E.O.C. v. Our Lady of Resurrection*, 77 F.3d 145, 148 (7th Cir. 1996). If Plaintiff establishes her prima facie case, then the burden of production shifts to Defendant, who must articulate a legitimate, nondiscriminatory reason for its decision. *Id.* at 149. If this burden is met, the prima facie presumption fails and the burden again lies with Plaintiff. Plaintiff must now supply evidence to prove Defendant's proffered reasons were "merely pretextual," and the employer actually had discriminatory reasons for the decision. *Id.*

While Plaintiff has proven the first and third elements, i.e. she is an African-American woman who was terminated, Plaintiff cannot make out a prima facie case for either race or sex discrimination because she fails to establish the second and fourth elements.

Plaintiff's work performance was clearly not within the legitimate expectations of her employer. Her statements to the contrary are insufficient by themselves to establish her

4

performance met Defendant's reasonable expectations. *See Mills v. First Fed. Sav. & Loan Ass'n. of Belvidere*, 83 F.3d 833, 843 (7th Cir. 1996)(citing *Dey v. Colt Const. & Dev. Co.*, 28 F.3d 1446, 1460 (7th Cir.1994)("An employee's self-serving statements about his ability ... are insufficient to contradict an employer's negative assessment of that ability.")). Plaintiff was involved in three major employment-related accidents in a span of six months, caused Defendant over $24,000 in damages, and injured both the physical plant and fellow employees. Plaintiff was provided with two written warnings prior to her discharge, and on the second of those was informed any further incidents could result in her termination. Her termination should have come as no surprise. Defendant provided Plaintiff with ample warning of the consequences of her careless forklift operation, and Plaintiff ignored that warning at her own peril.

Plaintiff has also failed to establish the fourth element, i.e. others in non-protected classes were given more favorable treatment. Plaintiff claims Ken Piekarski, a white male who was involved in a forklift accident, was treated more favorably by Defendant. However, Plaintiff admitted in her deposition that she did not know any details surrounding his accident, including, most notably, the type of accident, how many accidents he had been involved in, or whether he was drug tested after the accident. "To satisfy the fourth element [Plaintiff] must identify a comparator who is similarly situated to him in all

5

material respects." *Greer v. Bd. of Educ. of the City of Chicago, IL*, No. 00-4059, at *7 (7th Cir. Oct. 3, 2001). The Plaintiff fails to establish any facts to indicate Piekarski was a similarly situated employee, and therefore fails to establish why Piekarski's treatment bears any relevance to the situation at hand. While he may be a member of a non-protected class, if he was not similarly situated, i.e. if Plaintiff does not know any details about his treatment, then there is no reason for the Court to consider his situation in establishing a pattern of favorable treatment by Defendant.

Furthermore, Plaintiff may not attempt to introduce Georges Salomon in her Response to the Motion, as an example of an employee who was not terminated for disciplinary actions. Plaintiff did not mention Salomon in her EEOC Charge, Amended Complaint, or Deposition, and it is inappropriate for her to raise him in her Response to the Motion for Summary Judgment. If Plaintiff intended to utilize Salomon as support for her discrimination claim, then she needed to introduce him to Defendant and the Court earlier. "As a general rule… a plaintiff under Title VII (and hence the ADA) 'cannot bring claims in a lawsuit that were not included in [the] EEOC charge.'" *Karella v. Ameritech Info. Sys., Inc.*, 953 F.Supp. 945, 950 (N.D.Ill. 1996)(citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)).

The Court recognizes there is precedent suggesting EEOC charges should be construed liberally in favor of Plaintiffs. A plaintiff need not allege in the EEOC charge "each and every fact that combines to form the basis of each claim in [the] complaint." *Cheek*, 31 F.3d at 500 (citation omitted). Rather, an EEOC charge encompasses the claims in a complaint if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.; see also Binion v. Metro. Pier and Exposition Auth.*, 163 F.R.D. 517, 528 (N.D.Ill. 1995)("EEOC charges should be construed with the utmost liberality because they are usually filed *pro se* by uninformed complainants unfamiliar with the legal terminology behind the claims which they make.") However, Plaintiff's attempt to introduce the allegedly useful existence of Mr. Salomon is inappropriate here, for two main reasons.

First, Plaintiff's introduction of new arguments at the Response stage prevents a more constructive resolution of the dispute and places the Defendant at a decided disadvantage. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989)("[T]he reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge, and the EEOC must have the opportunity to investigate and conciliate the charge.")

7

Second, and more importantly, Plaintiff limited her claims to Piekarski in both her EEOC charge and deposition testimony; if the Court permitted Plaintiff to raise Salomon as evidence of discrimination here, then Plaintiff would be able to impermissibly introduce new allegations in her Response and contradict her own deposition testimony. *See Speer v. Rand McNally & Co.*, 123 F.3d 658, 665 (7th Cir. 1997)(denying Plaintiff leave to amend her complaint because "the first time she raised this issue was in a single-page argument in her brief in opposition to the company's summary judgment motion."); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Plaintiff had a number of opportunities to argue Defendant's treatment of Salomon bears any relevance to Plaintiff's own treatment, but Plaintiff failed to present the argument.

Even if Plaintiff could establish a prima facie case, however, Defendant meets its burden-shifting requirement by offering a legitimate, non-discriminatory reason for Plaintiff's termination. Defendant terminated Plaintiff, after repeated warnings as a result of her third serious accident. In her deposition, Plaintiff admitted she was the source of the damage to Defendant's property and suggested no genuine issue of material fact that would call for a trial. Given that Plaintiff herself admitted to causing the damage, it is difficult to see

how she can simultaneously claim the rationale for her discharge was illegitimate and discriminatory. "Defendant's burden of producing evidence of a legitimate, non-discriminatory reason is merely a burden of production ... that is not difficult to satisfy." *Mills* 83 F.3d at 845 (citation omitted). Defendant has clearly met this limited burden, by providing ample, legitimate reasons for her discharge. Plaintiff has provided nothing to prove or even suggest Defendant had a discriminatory reason for discharging her. She repeatedly drove her forklift into walls and people. Defendant warned her of the consequences of this behavior, but she failed to heed those warnings. As such, and in the absence of any evidence to the contrary, the Court has no reason to doubt the veracity of Defendant's stated rationale for her termination.

Since Defendant has presented legitimate reasons for the termination decision, the burden shifts back to Plaintiff to show these reasons were merely pretext for racial animus. Plaintiff's Response does not establish pretext and thus Plaintiff fails to meet her burden. Plaintiff attempts to invoke Ken Piekarski as an example of an employee who was treated differently than her, but Plaintiff fails to establish Defendant's asserted rationale for terminating her was pretextual. Her unsupported and conclusory statements that Defendant discharged her because of discriminatory reasons are also not adequate proof of pretext. Plaintiff was involved in three accidents that caused over

9

$24,000 in damages to both people and property; Piekarski was involved in a single accident that did not damage people or property. Given this evidence, the Court will not second-guess the decision of Defendant to terminate her employment. "When we consider whether an employer's justification for dismissing its employee is pretextual, the inquiry is not whether the reason for the firing was a correct business judgment but whether the decisionmakers honestly acted on that reason." *Bahl v. Royal Indem. Co.*, 115 F.3d 1283, 1291 (7th Cir. 1997). As such, even if Plaintiff were able to establish the prima facie case for employment discrimination, Defendant has submitted a legitimate, non-discriminatory reason for discharging her.

## CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**
DATED: December 4, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE